# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE A. BENNETT,<br><br>                                        Plaintiff,<br><br>        v.<br><br>ONE WEST BANK, INDYMAC BANK, et al.,<br><br>                                        Defendants. | Case No. 10cv1884-BTM (RBB)<br><br>**ORDER RE MOTIONS FOR DISMISSAL, MOTION TO EXPUNGE** *LIS PENDENS* |

Defendant Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for IndyMac Bank, moves to dismiss under Fed. R. Civ. P. 12(b)(1), or, in the alternative, for summary judgment on all of Plaintiff's claims.  [Dock. # 6]  Also pending are motions by Defendant OneWest Bank, FSB ("OneWest") to dismiss [dock. #9] and to expunge the *lis pendens* filed by Plaintiff in connection with this action [dock. # 10].  Plaintiff has not filed briefs in opposition to any of these motions.

For the reasons that follow, the Court **GRANTS** Defendant FDIC's motion for dismissal under Fed. R. Civ. P. 12(b)(1), or, in the alternative, for summary judgment on all of Plaintiff's claims; **GRANTS** with leave to amend OneWest's motion to dismiss; and **GRANTS** OneWest's motion to expunge the *lis pendens*.

## I. BACKGROUND

On July 11, 2008, the Office of Thrift Supervision ("OTS") closed IndyMac and

10cv1884-BTM (RBB)

1   appointed the FDIC as the bank's receiver.  The same day, OTS authorized the creation

2   of IndyMac Federal Bank, FSB ("IndyMac Federal") and appointed the FDIC as

3   conservator for IndyMac Federal ("FDIC-Conservator").  Also on that day, pursuant to a

4   purchase and assumption agreement, the bulk of the assets and deposit liabilities of

5   IndyMac were transferred to the FDIC-Conservator.

6        On March 19, 2009, the OTS closed IndyMac Federal and appointed the FDIC as

7   receiver for IndyMac Federal.  The same day, substantially all of the assets and liabilities

8   of IndyMac Federal were transferred to OneWest, pursuant to an agreement between the

9   FDIC, as receiver for IndyMac Federal, and OneWest.

10       On November 12, 2009, the FDIC, by its Board of Directors, issued a resolution

11  determining that in each IndyMac receivership, "[I]nsufficient assets exist to make any

12  distribution on general unsecured claims . . . and therefore all such claims, asserted or

13  unasserted, will recover nothing and have no value."  FDIC Ex. D (hereinafter "no value

14  determination").  On November 18, 2009, the FDIC published a notice of the no value

15  determination in the Federal Register.  74 Fed. Reg. 59540; FDIC Ex. E.

16       On May 12, 2010, Plaintiff brought suit against OneWest and IndyMac Bank for

17  "Damages and for Injunctive Relief to Stay Wrongful Foreclosure Sale of Property and Ex

18  Parte Application for Temporary Restraining Order" in the San Diego County – North

19  County Regional Center, Superior Court of California.  [Dock. # 9, Ex. 1]  On August 16,

20  2010, Plaintiff filed an amended complaint asserting the following claims:  (1) Wrongful

21  Foreclosure, (2) Fraud by Concealment, (3) Fraud by Misrepresentation, (4) Conversion,

22  and (5) Intentional Infliction of Emotional Distress.  [Dock. # 9, Ex. 2]  Plaintiff seeks

23  monetary damages and injunctive relief to prevent Defendants "from any and all further

24  attempts to affect plaintiff's ownership interest in subject PROPERTY."  *Id.* at 13.  On

25  September 9, 2010, the FDIC, in its capacity as receiver for IndyMac Bank, removed this

26  action to federal court pursuant to 12 U.S.C. § 1819(b) and 28 U.S.C. § 1441.  [Dock. #1]

27  //

28  //

## II.  STANDARDS OF REVIEW

**A.  FRCP 12(b)(1)**

A moving party may base a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the allegations of the complaint, or may bring a factually based motion "by presenting affidavits or other evidence properly brought before the court . . . ."  *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  If the motion to dismiss for lack of jurisdiction is factually based, the court may look beyond the allegations of the complaint.  *Id.* (citing *White v. Lee*, 227 F.3d, 1214, 1242 (9th Cir. 2000)).  If the moving party supports a motion to dismiss for lack of jurisdiction with evidence, the nonmoving party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Id.*

**B.  FRCP 56**

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under the governing substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).  A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial.  *Id.* at 322-23.

Once the moving party establishes the absence of genuine issues of material fact,

1    the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of

2    disputed fact remains.  *Celotex*, 477 U.S. at 314.  The nonmoving party cannot oppose a

3    properly supported summary judgment motion by "rest[ing] on mere allegations or denials

4    of his pleadings."  *Anderson*, 477 U.S. at 256.  When ruling on a summary judgment

5    motion, the court must view all inferences drawn from the underlying facts in the light

6    most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*

7    *Corp.*, 475 U.S. 574, 587 (1986).

8

9    **C.  FRCP 12(b)(6)**

10           To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must

11   meet the requirements of Rule 8(a)(2), which requires the pleader to make a "short and

12   plain statement of the claim."  This motion should be granted only where a plaintiff's

13   complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable

14   legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  When

15   reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are

16   taken as true and construed in the light most favorable to the plaintiff.  *See Parks Sch. of*

17   *Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual

18   allegations are not required, factual allegations "must be enough to raise a right to relief

19   above the speculative level."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955,

20   1965 (2007).  "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief'

21   requires more than labels and conclusions, and a formulaic recitation of the elements of

22   a cause of action will not do."  *Id.*  "[W]here the well-pleaded facts do not permit the court

23   to infer more than the mere possibility of misconduct, the complaint has alleged - but it

24   has not show[n] that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 129 S,Ct. 1937,

25   1950 (2009) (internal quotation marks omitted).

26   //

27   //

28   //

1

## III.  <u>DISCUSSION</u>

2

3  **A.  CLAIMS AGAINST THE FDIC**

4          The FDIC argues that the Court lacks jurisdiction over Plaintiff's claims for

5  monetary relief because, *inter alia*, they are moot due to the FDIC's no value

6  determination.  Federal courts lack subject matter jurisdiction to hear claims that are

7  moot.  *See In re Burrell*, 415 F.3d 994, 998 (9th Cir.2005) ("If the controversy is moot,

8  both the trial and appellate courts lack subject matter jurisdiction, and the concomitant

9  'power to declare the law' by deciding the claims on the merits.") (citations omitted).

10  Under Article III of the United States Constitution, federal courts have jurisdiction to

11  decide only actual cases or controversies. To satisfy Article III's case or controversy

12  requirement, Plaintiff "'must have suffered some actual injury that can be redressed by a

13  favorable judicial decision.'" *Henrichs v. Valley Ciew Development*, 474 F.3d 609, 615

14  (9th Cir. 2007).

15          Due to the FDIC's no value determination, Plaintiff's claims for monetary relief

16  cannot be redressed by a favorable judicial decision.   *See Tinoco v. IndyMac, FSB, et*

17  *al.*, No. CV 09-9174, Order Granting Motion To Dismiss or in the Alternative Summary

18  Adjudication (C.D. Cal., Feb 5, 2010).  As noted by the *Tinoco* court, "If the Plaintiff were

19  to succeed on any of his claims for monetary relief, the FDIC as Receiver would simply

20  have no assets to satisfy a judgment." *Id.*  The Court follows this reasoning and the

21  reasoning of several courts that have considered this issue and dismisses monetary

22  claims against the FDIC for lack of subject matter jurisdiction because the Court cannot

23  provide meaningful relief even if it were to render judgment in favor of Plaintiff.  *See, e.g.*,

24  *Brech v. CU Mortg. Direct, LLC*, No. CIV. 10-4123-KES, 2011 U.S. Dist. LEXIS 12543, at

25  *12-13 (D.S.D. Feb. 7, 2011); ("Courts routinely find that they lack jurisdiction under the

26  prudential mootness doctrine when a plaintiff sues the FDIC and the FDIC has

27  determined that the receivership estate has insufficient assets to satisfy the claims.");

28  *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007); *FDIC v. Kooyomjian*,

1    220 F.3d 10, 15 (1st Cir. 2000); *Tinoco*, No. CV 09-9174 (Feb 5, 2010); *Nasoordeen v.*

2    *F.D.I.C*, No. CV 08-05631, 2010 WL 1135888, at *8 (C.D. Cal., March 17, 2010).

3        Plaintiff's remaining claims for equitable relief against the FDIC are barred by 12

4    U.S.C. § 1821(j).  This provision precludes courts from taking "any action . . .  to restrain

5    or affect the exercise of powers or functions of the Corporation [the FDIC] as a

6    conservator or a receiver."   The Ninth Circuit has described this ban as an essential part

7    of the FDIC's ability to function as a receiver and has held that this provision bars the

8    granting of the equitable remedy of rescission.  *Sahni v. American Diversified Partners*,

9    83 F.3d 1054, 1058-1059 (9th Cir. 1996).  Other courts have specifically held that §

10   1821(j) bars injunctive relief restraining a foreclosure sale.  *See Freeman v. FDIC*, 56

11   F.3d 1394, 1399 (D.C. Cir. 1995); *Tillman v. Resolution Trust Corp.*, 37 F.3d 1032, 1036

12   (4th Cir. 1994).  In line with these decisions, the Court concludes that the FDIC, in its

13   capacity as receiver for IndyMac Bank, is entitled to judgment as a matter of law on

14   Plaintiff's remaining claims for equitable relief.  Defendant FDIC's motion for dismissal or

15   summary judgment on all of Plaintiff's claims is **GRANTED**.  This order removes the

16   FDIC, in its capacity as receiver for IndyMac Bank, as a party to this case.

17

18   **B.  CLAIMS AGAINST ONEWEST**

19        Following this dismissal of claims against the FDIC, there exists no ground for

20   original subject matter jurisdiction over Plaintiff's claims against OneWest.  *See Schwartz*

21   *v. IndyMac Fed. Bank*, 10-cv-00516, 2010 U.S. Dist. LEXIS 136435, at *4 (E.D. Cal. Dec.

22   14, 2010).[1]  Plaintiff's claims against OneWest are sufficiently related to the claims

23   against the FDIC, as receiver for IndyMac Bank, "that they form part of the same case or

24   controversy."  28 U.S.C. § 1367(a).  The Court will exercise supplemental jurisdiction over

25   _____

26        [1] The circuits are split as to whether a district court retains original federal jurisdiction
     over the entire suit or merely has the discretion to retain supplemental jurisdiction over state
27   claims following dismissal of the FDIC from an action.  *See Destfino v. Reiswig*, 630 F.3d
     952, 958 (9th Cir. 2011).  The Ninth Circuit has not taken a position on this question, *see id.*,
28   but it appears that most district courts in this circuit follow the supplemental jurisdiction
     approach, *see Schwartz*, 2010 U.S. Dist. LEXIS 136435, at *4 n.1 (listing cases). The Court
     does so here.

1   these claims and consider OneWest's motion to dismiss each count in Plaintiff's first

2   amended complaint and its motion to expunge the *lis pendens*.

3

4        1.  <u>Wrongful Foreclosure (Count One)</u>

5        Plaintiff's first cause of action for wrongful foreclosure alleges that Defendants

6   violated California Civil Code section 2923.5(a).  Section 2923.5 provides that a

7   mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default

8   pursuant to Section 2924 until 30 days after initial contact is made or 30 days after failing

9   to contact the borrower despite the exercise of due diligence as defined in subsection (g).

10  "Initial contact" is governed by the following requirements:

11       A mortgagee, beneficiary, or authorized agent shall contact the borrower in
    person or by telephone in order to assess the borrower's financial situation

12  and explore options for the borrower to avoid foreclosure. During the initial
    contact, the mortgagee, beneficiary, or authorized agent shall advise the

13  borrower that he or she has the right to request a subsequent meeting and,
    if requested, the mortgagee, beneficiary, or authorized agent shall schedule

14  the meeting to occur within 14 days. The assessment of the borrower's
    financial situation and discussion of options may occur during the first

15  contact, or at the subsequent meeting scheduled for that purpose. In either
    case, the borrower shall be provided the toll-free telephone number made

16  available by the United States Department of Housing and Urban
    Development (HUD) to find a HUD-certified housing counseling agency.

17  Any meeting may occur telephonically.

18  Cal. Civ. Code § 2923.5(a)(2).  Plaintiff's first cause of action largely parrots the text of

19  the statute without providing any supporting facts and is therefore insufficiently pled.  *See*

20  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Resendiz v. Recontrust Co., N.A.*, No.

21  09CV1959 DMS (CAB), 2010 U.S. Dist. LEXIS 36936, at *8 (S.D. Cal. Apr. 13, 2010).

22       Moreover, judicially noticeable documents contradict key allegations in this count.

23  For example, paragraph 38(I) alleges that Defendants failed to "file a notice of default

24  with section 2924 language which includes a declaration that defendants have contacted

25  borrower-plaintiff . . . ."  However, the notice of default includes the declaration required

26  by section 2923.5(b) stating that the borrower was contacted to discuss the borrower's

27  financial situation and options for the borrower to avoid foreclosure.  (Def. RJN Ex. D)

28       The first cause of action also incorporates the prior paragraphs of the first

amended complaint.  Although it is not entirely clear which allegations Plaintiff believes supports a claim for wrongful foreclosure, nearly all are pled with insufficient particularity to meet the standard required by *Twombly* and *Iqbal*.  *See, e.g.*, FAC ¶ 22 (alleging that "none of the defendants have yet to respond to Plaintiff's Debt Validation letter and RESPA letter" without providing any facts detailing when such letters were sent or their contents).

Other allegations that theoretically could impact Defendants right to initiate foreclosure proceedings fail as a matter of law.  Plaintiff contends that foreclosure would be invalid because Defendants do not possess the original note.  (FAC ¶¶ 16, 32)  This holder in due course argument has been consistently rejected by the courts.  *See Usher v. Greenpoint Mortg. Funding, Inc.*, No. CIV S-10-0952 LKK DAD PS, 2010 U.S. Dist. LEXIS 127311, at *6 (E.D. Cal. Dec. 1, 2010).  It is well-settled under California law that non-judicial foreclosures can be commenced without producing the original promissory note.

Plaintiff also contends that the securitization of his mortgage was somehow improper.  (FAC ¶¶ 16, 32)  Such allegations, too, do not provide the basis for a cause of action.  *See Sarmiento v. Bank of N.Y. Mellon*, CIVIL NO. 10-00349 JMS/BMK,  2011 U.S. Dist. LEXIS 24365, at *17 (D. Haw. Mar. 10, 2011) (citing cases).

### 2. Fraud By Concealment (Count Two)

Plaintiff's second cause of action is for fraud by concealment.  Under California law, the elements of a claim of fraud by concealment are: 1) suppression of a material fact; 2) by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; 3) with intent to deceive a person unaware of the concealed fact and who would not have acted had he known of the fact.  *Melanson v. United Air Lines, Inc.*, 931 F.2d 558, 563 (9th Cir. 1991) (citing Cal. Civ. Code §§ 1709, 1710); *see also Newson v. Countrywide Home Loans, Inc.*, No. C 09-5288 SBA, 2010 U.S. Dist. LEXIS 126383, at *13 (N.D. Cal. Nov. 29, 2010).

1    Here, Plaintiff's FAC fails to identify what material facts were not disclosed or what

2    Plaintiff was induced to do or not do as a result of the concealment.  Plaintiff has failed to

3    plead the elements of a fraud by concealment claim.

4    The allegations Plaintiff does raise largely fail as a matter of law.  First, Plaintiff

5    reiterates the allegation that Defendants failed to satisfy the requirements of California

6    Civil Code section 2923.5.  As set forth above, judicially noticeable documents contradict

7    key aspects of this claim.  Moreover, even if properly pled, it is questionable that such a

8    claim could support a cause of action for fraud because a private right of action for

9    violation of Section 2923.5 "is limited to obtaining a postponement of an impending

10   foreclosure to permit the lender to comply with section 2923.5."  *Mabry v. Superior Court*,

11   185 Cal. App. 4th 208, 214 (Cal. App. 4th Dist. 2010).

12   Second, Plaintiff asserts that fraud was committed because Defendants did not

13   "obtain[] plaintiff's consent to Monetize the Promissory Note in a transfer to another

14   mortgage pool in violation of the statute of fraud of this state, as well as in violation of

15   pertinent securities and banking laws."  (FAC ¶ 41)  However, Plaintiff does not cite any

16   law that would require a borrower's consent to securitize a mortgage and identifies no

17   oral agreement that would give rise to a statute of frauds violation.  Plaintiff also contends

18   that Defendants failed to comply with California Civil Code section 2941.7, which,

19   according to Plaintiff, "require[s] Defendants to record a corporate bond accompanied

20   with the declaration after transfer or conveyance to another mortgage pool."  (*Id.*)

21   Assuming, *arguendo*, that section 2941.7 would provide Plaintiff with a private right of

22   action and that its provisions have otherwise been violated, Plaintiff's reliance on this

23   statute is improper, as it only applies when an "obligation secured by a mortgage or deed

24   of trust has been fully satisfied and the present mortgagee or beneficiary of record cannot

25   be located after diligent search."  Cal. Civ. Code § 2941.7.  Plaintiff does not allege that

26   either condition has been met here.

27   Finally, Plaintiff alleges that transfer of assets from Indymac to OneWest "is illegal

28   and against bankruptcy rules."  (FAC ¶ 44)  Contrary to Plaintiff's allegation, Indymac is in

1   receivership, not bankruptcy.  Plaintiff provides absolutely no basis for the assertion that

2   the transfer of assets to OneWest was illegal.

3

4       3.  Fraud By Misrepresentation (Count Three)

5       Plaintiff's third cause of action is for fraudulent misrepresentation.  To state a

6   claim for fraudulent misrepresentation, a party must allege facts to support the following

7   elements: 1) misrepresentation; 2) knowledge of falsity; 3) intent to defraud; 4) justifiable

8   reliance; and 5) damages. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)

9   (citing *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997)).  As

10  above, Plaintiff failed to allege the elements of this claim.

11      Plaintiff's misrepresentation claim also fails on additional grounds.  Plaintiff asserts

12  that Defendants "committed fraud" through statements or omissions made on August 12,

13  2005.  (FAC ¶ 50)  To the extent that Plaintiff's claim rests on events occurring on that

14  date, this claim is barred by the three-year statute of limitations for a claim of fraud.  Cal.

15  Code Civ. Proc. § 338(d).  Plaintiff's original complaint was filed well after this three-year

16  limit, and Plaintiff does not raise any basis to toll this limitations period.

17      Moreover, this claim is not pled with sufficient particularity required by Fed. R. Civ.

18  P. 9(b).  The FAC does not allege when many of the purportedly fraudulent acts were

19  committed, how they were committed, or which defendant committed them.  For

20  example, Plaintiff alleges that "Defendants . . .  committed fraud by transferring the note

21  and enter [sic] into a real estate transaction without disclosing to Plaintiff . . . the terms of

22  the new loan.  And since there was a modification of the named parties to the original

23  contract[,] that binds plaintiff."  (FAC ¶ 53)  The FAC does not allege when, how, or by

24  whom the note was transferred, does not allege any facts in connection with a "real

25  estate transaction," and does not allege any facts relevant to a loan modification.

26      Finally, Plaintiff alleges that Defendants committed fraud "by selling nonexempt

27  securities without permit as required by California Corporations code § 25110."  (FAC ¶

28  51)  This statute provides, in pertinent part:  "It is unlawful for any person to offer or sell in

10

1   this state any security in an issuer transaction . . . , whether or not by or through

2   underwriters, unless such sale has been qualified." Cal. Corp. Code § 25110. Plaintiff's

3   complaint does not identify what "securities" are the subject of this claim, however, to the

4   extent that Plaintiff is referencing her own mortgage transaction, this claim fails as a

5   matter of law. A promissory note secured by a lien on real property is expressly

6   exempted from the requirements of section 25110. Cal. Corp. Code § 25100(p).

7

8           4. <u>Conversion (Count Four)</u>

9           Plaintiff's fourth cause of action alleges conversion based on a misapplication of

10   mortgage loan payments in violation of California Civil Code section 2985.3. Under

11   California law, the elements of a conversion claim are 1) the plaintiff's ownership or right

12   to possession of the property at the time of the conversion; 2) the defendant's conversion

13   by a wrongful act or disposition of property rights; and 3) damages. *Mindys Cosmetics,*

14   *Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (citing *Oakdale Village Group v. Fong*, 50

15   Cal. Rptr. 2d 810, 812 (Cal. App. 3d Dist. 1996).

16           Here, Plaintiff failed to allege that Plaintiff owned or had a right to possess

17   anything withheld by OneWest. Clearly, a mortgagor does not have a right to possess

18   payments made under the loan – even if, as alleged by Plaintiff, they were misapplied by

19   Defendants for an improper use. Plaintiff's conversion claim fails.

20

21           5. <u>Intentional Infliction Of Emotional Distress (Count Five)</u>

22           Plaintiff's fifth cause of action is for intentional infliction of emotional distress.

23   Under California law, the elements of a claim for intentional infliction of emotional distress

24   are:  1) extreme and outrageous conduct by the defendant with the intent to cause, or

25   reckless disregard for the probability of causing, emotional distress; 2) suffering of severe

26   or extreme emotional distress by the plaintiff; and 3) the plaintiff's emotional distress is

27   actually and proximately the result of defendant's outrageous conduct. *Chang v.*

28   *Lederman*, 90 Cal. Rptr. 3d 758, 774 (Cal. App. 2d Dist. 2009).

1    The FAC is devoid of facts to support this claim, stating only: "Defendants . . .

2    have engaged in intentional torts, actions and have intentionally failed to act in [sic] way

3    that is extreme and outrageous transcending all bounds of decency and, as a result,

4    have actually and proximately caused plaintiff and his family to severe emotional distress

5    and other similar symptoms." (FAC ¶ 65) This conclusory statement is not sufficient to

6    meet the pleading standards required by *Twombly* and *Iqbal*.

7

8    6. <u>Motion To Expunge *Lis Pendens*</u>

9    "At any time after notice of pendency of action has been recorded, any party . . .

10   may apply to the court in which the action is pending to expunge the notice." Cal. Code

11   Civ. Proc. § 405.30. Pursuant to California Code of Civil Procedure sections 405.32, a

12   court shall order that the notice be expunged if "the court finds that the claimant has not

13   established by a preponderance of the evidence the probable validity of the real property

14   claim."

15   Although the Court dismisses Plaintiff's claims against OneWest without prejudice

16   so that she may have an opportunity to cure the deficiencies discussed above, the Court

17   holds that Plaintiff has not met her burden of proving the "probable validity" of her claims.

18   *See* Cal. Code Civ. Proc. § 405.30. Moreover, based on the allegations in the FAC, it is

19   not likely that Plaintiff will be able to meet this burden by filing a second amended

20   complaint. Many of Plaintiff's claims fail as a matter of law and the remainder lack the

21   specificity necessary to conclude "that the claimant will obtain a judgment against the

22   defendant on the claim." Cal. Code Civ. Proc. § 405.3. Accordingly, the Court

23   **EXPUNGES** the *lis pendens* without prejudice. If Plaintiff files a second amended

24   complaint, she may apply to have the *lis pendens* reinstated.

25

26   **IV. <u>CONCLUSION</u>**

27   The Court holds that it lacks subject matter jurisdiction over Plaintiff's monetary

28   claims against the FDIC and that Plaintiff's equitable claims against the FDIC are

10cv1884-BTM (RBB)

foreclosed as a matter of law.  Accordingly, the Court **GRANTS** Defendant FDIC's, in its capacity as receiver for IndyMac Bank, motion for dismissal under Fed. R. Civ. P. 12(b)(1), or, in the alternative, for summary judgment on all of Plaintiff's claims.  [Dock. # 6].

Plaintiff's claims against OneWest are **DISMISSED** with leave to amend.  Plaintiff may file an amended complaint within <u>twenty days</u> to cure the deficiencies discussed above.  OneWest's motion to expunge the *lis pendens* is **GRANTED** without prejudice to Plaintiff applying to have the *lis pendens* reinstated if she chooses to file a second amended complaint.

**IT IS SO ORDERED.**

DATED:  June 23, 2011

Honorable Barry Ted Moskowitz
United States District Judge